UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ESTELA ELIZABETH JEFFCOAT,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKINGS HOUSING &<br>REDEVELOPMENT COMMISSION,<br><br>Defendant. | 4:25-CV-04166-CCT<br><br><br>**ORDER DENYING MOTION<br>TO APPOINT COUNSEL** |

Plaintiff, Estela Elizabeth Jeffcoat, filed a pro se lawsuit alleging violations of the Fair Housing Act (42 U.S.C. § 3604(f)), the Section 504 Rehabilitation Act (29 U.S.C. § 794), and HUD Regulations (24 C.F.R. §§ 5.609, 5.611). Docket 1. She now requests the appointment of legal counsel. Docket 16.

## DISCUSSION

Jeffcoat moves to appoint counsel based solely on her representation that she is  unable to pay a reasonable attorney fee. Docket 16 at 1.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts may appoint counsel, and the Eighth Circuit has acknowledged the "express

authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984) (citing *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981)).

In determining whether to appoint counsel to a pro se litigant in a civil case, the district court considers "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent litigant to present [her] claim." *Stevens*, 146 F.3d at 546 (citation omitted).

In her original complaint, Jeffcoat sets forth in detail the numerous housing related violations she feels she has suffered. She has also successfully served the Defendant in this action with the summons and complaint. Docket 14. She has filed a motion for protective order and supporting declaration. Dockets 17 and 18. Jeffcoat has also filed a notice of attempted improper communication and her statement of position with exhibits. Dockets 22 and 23. Jeffcoat's filings thus far show her ability to litigate her claims to this Court.

Considering these factors, the Court does not deem it necessary to appoint counsel at this stage in litigation. The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree."

*Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) (citations omitted). Thus, Jeffcoat's motion to appoint counsel, Docket 16, is denied.

### CONCLUSION

Based on the foregoing reasons, it is hereby

ORDERED that Jeffcoat's motion to appoint counsel (Docket 16) is denied without prejudice; it is further

ORDERED that Jeffcoat's Motion for Status of Pending Motion for Appointment of Counsel (Docket 21) is denied as moot.

Dated October 29, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE