UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ESTELA ELIZABETH JEFFCOAT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BROOKINGS HOUSING &<br>REDEVELOPMENT COMMISSION,<br><br>　　　　　Defendant. | 4:25-CV-04166-CCT<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR A PROTECTIVE ORDER<br><br>DOCKET NO. 17 |

## INTRODUCTION

Plaintiff Estela Elizabeth Jeffcoat filed a pro se complaint in this matter against defendant Brookings Housing & Redevelopment Commission (BHRC) alleging BHRC is violating her rights under the Fair Housing Act because BHRC is not allowing her to deduct from her income certain allowed deductions.  Docket No. 1 at 1.  She also accuses BHRC of discriminating against her on the basis of her disability in violation of the Rehabilitation Act.  Id. at 2.  Finally, Ms. Jeffcoat accuses BHRC of violating regulations of the United States Department of Housing and Urban Development.  Id.

## DISCUSSION

Ms. Jeffcoat filed a motion seeking a protective order that would prohibit BHRC from contacting her employer with periodic employment verification

inquiries.  Docket No. 17.  The district court referred this motion to this magistrate judge for determination.  Docket No. 26.

Federal Rule of Civil Procedure 26(c) governs the granting of a protective order by the court, as follows:

> **(c) Protective Orders.**
>
> > **(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> >
> > > (A) forbidding the disclosure or discovery;
> > >
> > > (B) specifying terms, including time and place, or the allocation of expenses, for the disclosure or discovery;
> > >
> > > (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> > >
> > > (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> > >
> > > (E) designating the persons who may be present while the discovery is conducted;
> > >
> > > (F) requiring that a deposition be sealed and opened only on court order;
> > >
> > > (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> > >
> > > (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.
> >
> > **(2) *Ordering Discovery.*** If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

> **(3) *Awarding Expenses.*** Rule 37(a)(5) applies to the award of expenses.

See Fed R. Civ. P. 26(c).

The trial court has significant discretion in either granting or denying a protective order, and "only an abuse of that discretion would be cause for reversal." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party. Id. The movant must articulate "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. (additional citation and quotation marks omitted); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (additional citations and quotation marks omitted). The court must also consider "the relative hardship to the non-moving party should the protective order be granted." General Dynamics Corp., 481 F.2d at 1212 (additional citation omitted).

Here, Ms. Jeffcoat is an ongoing recipient of federal housing aid which is administered through BHRC. The protective order she seeks is not related to discovery—BHRC has not served Ms. Jeffcoat with any discovery requests from which Ms. Jeffcoat seeks protection. See Docket No. 17. Instead, as BHRC

3

explains in its brief in response to the motion for a protective order, one of its statutory duties is to periodically verify Ms. Jeffcoat's income with her employer to ensure she continues to qualify for aid and to determine the amount of that housing assistance. See Docket No. 32 (citing 24 C.F.R. § 5.609(c)(3)(i) & (ii)).[1] BHRC asserts that this information it has sought in the past (and will continue to have to seek in the future), is not discovery and it is not related to any of Ms. Jeffcoat's claims in this matter. Id. at 2.

This court agrees with defendant. A protective order under Fed. R. Civ. P. 26(c) is available to protect a party "from whom discovery is sought" from "annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c)(1). BHRC has not sought discovery from Ms. Jeffcoat, so Rule 26(c) does not provide grounds for issuing a protective order. Furthermore, when the parties to a lawsuit have an ongoing relationship (as Ms. Jeffcoat and BHRC do here), the parties are allowed to continue to take normal actions that are part of that ongoing relationship.

But there's another reason Ms. Jeffcoat's motion must be denied. Rule 26(c) requires that, before she files a motion for a protective order, she must first confer with BHRC in good faith to try to resolve the discovery dispute. See Fed. R. Civ. P. 26(c). If that conference between the parties does not resolve

---

[1] That regulation states in part that a program administrator for housing assistance must calculate the applicant's annual income through use of third-party verification. See 24 C.F.R. § 5.609(c)(3)(ii). This means BHRC is required to verify Ms. Jeffcoat's annual income through her employer (the third-party).

4

the dispute, Ms. Jeffcoat must file as part of her motion a certification attesting that she engaged in this good faith conference with BHRC before filing her motion.  Id.  Ms. Jeffcoat never states in any of her pleadings in support of her motion that she fulfilled this obligation.  See Docket No. 17.  Nor did she file a certification attesting that she satisfied this requirement.  Id.

This requirement that a party must confer with the opposing counsel before filing a discovery motion is a requirement that applies to *all* discovery motions.  See Fed. R. Civ. P. 37(a)(1).  See also DSD LR 37.1.  Ms. Jeffcoat is hereby advised to comply with this requirement prior to filing any future discovery motions.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that plaintiff's motion for a protective order [Docket No. 17] is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained.  FED. R. CIV. P. 6(b)(1), 72(a).  Failure to file timely objections will result in the waiver of the right to appeal this ruling.  United States v.

Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023).  Objections must be specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

    DATED this 15th day of December, 2025.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY

United States Magistrate Judge