UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ESTELA ELIZABETH JEFFCOAT,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKINGS HOUSING & REDEVELOPMENT COMMISSION,<br><br>Defendant. | 4:25-CV-04166-CCT<br><br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMNARY INJUNCTION AND TO COMPEL** |

Plaintiff Estela Elizabeth Jeffcoat commenced this pro se lawsuit against Defendant Brookings Housing & Redevelopment Commission, alleging violations of the Fair Housing Act, the Rehabilitation Act, and general Housing and Urban Development program requirements. Docket 1. Ms. Jeffcoat now moves for an emergency temporary restraining order and preliminary injunction and order to compel. Docket 41. She also filed a supplement in support of her motion. Docket 42.

"To determine whether preliminary relief such as a preliminary injunction or a temporary restraining order is appropriate, the court considers the following factors: '(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on [the nonmovant]; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest.'" *Next Level Tech. Grp.*

1

*LLC v. Wehde Enterps., LLC*, 4:24-CV-04199-KES, 2024 WL 5108943, *5 (D.S.D. Dec. 13, 2024) (quoting *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019)); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*).

The Court also considers certain overarching principles. "A preliminary injunction [or temporary restraining order] is an extraordinary remedy never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Its "primary function is to preserve the status quo until a court may grant full relief upon a final hearing." *Wilbur-Ellis Co., LLC v. Jens*, 139 F.4th 608, 611 (8th Cir. 2025). Therefore, the purpose of this extraordinary remedy "is not to give the movant the ultimate relief he seeks." *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023). Moreover, "[r]equiring [the defendant] to take affirmative action . . . before th[e] issue has been decided on the merits goes beyond the purpose of a preliminary injunction." *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 490 (8th Cir. 1993).

Ms. Jeffcoat requests the Court "prevent the expiration, suspension, termination, withholding, or denial of any extension of the Housing Choice Voucher issued October 27, 2025 and expiring December 26, 2025." Docket 41 at 2 (bold omitted). More specifically, she asks for an order directing the Defendant to maintain and preserve her voucher without interruption, extend the voucher for 30 or 60 days, correct and resubmit a portability packet to a different housing authority, and refrain from denying her disability accommodations letter. *Id.* at 3. She claims to have shown entitlement to relief

2

under all factors governing temporary restraining orders and preliminary injunctions. *Id.* at 6; Docket 42 at 3.

While the Court acknowledges the seriousness of Ms. Jeffcoat's medical condition as indicated in her attached exhibits, she has not made the necessary showing for this Court to enter a temporary restraining order or preliminary injunction as requested. *See Mgmt. Registry*, 920 F.3d at 1183 ("The burden of proving that an injunction should be issued rests with the party seeking injunctive relief."). In particular, while Ms. Jeffcoat cites federal regulations, she has not established why under these laws she has a fair chance of being successful on her claims against the Defendant. Rather, she submitted exhibits documenting certain communications between her and others, including counsel for the Defendant, related to her voucher. Docket 42 at 16–23. She then argues these exhibits establish that Defendant has made administrative errors and failed to follow federal law. Docket 41 at 4. However, as it pertains to her likelihood of succeeding on the merits of her claims against the Defendant, Ms. Jeffcoat makes the conclusory assertion that the "Defendant violated HUD portability rules (24 C.F.R. § 982.355), income rules (24 C.F.R. § 5.609; HOTWIA), and disability law." Docket 41 at 5 (bold omitted); Docket 42 at 3.

"While 'no single factor is determinative,' the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (citations omitted). Because Ms. Jeffcoat has not shown a likelihood of success on the merits of her claims against the Defendant, an injunction

3

cannot issue. *See Mid-Am. Real Estate Co. v. Ia. Realty Co., Inc.*, 406 F.3d 969, 972 (8th Cir. 2005) (providing that "an injunction cannot issue if there is no chance of success on the merits"). Therefore, the Court need not address the remaining *Dataphase* factors. *See Firearms Reg. Acc. Coalition, Inc. v. Garland*, 112 F.4th 507, 517 (8th Cir. 2024) (noting that the district court did not address the other facts after concluding that party did not show likelihood of success on the merits).

Ms. Jeffcoat also requests an order compelling the Defendant to produce, within 48 hours, "[a]ll portability-related communications with HCHA"; "[a]ll income, rent, and verification notes"; "[a]ll disability accommodation requests and responses"; and "[a]ll logs showing attempted verifications." Docket 41 at 4, 8. Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* D.S.D. Civ. LR 37.1 ("A party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute.").

Ms. Jeffcoat's motion to compel does not contain a certification describing her efforts to obtain the requested documents without court intervention. *See generally* Docket 41. Nevertheless, the Court construes her pro se filings liberally and notes the email communications attached to her supplement suggesting that she requested the Defendant produce certain

4

documents. Docket 42 at 20–22. To the extent these communications concern the same documents Ms. Jeffcoat identifies in her motion to compel, they do not establish a basis for granting the motion to compel. First, it is unclear whether the Defendant thereafter produced the documents she requested. Second, and more importantly, even if the Defendant has refused to produce the documents referenced in the emails, Ms. Jeffcoat has not indicated on what legal basis she is entitled to production of the documents identified in her motion to compel.

For the above reasons, it is hereby

ORDERED that Plaintiff's motion for an emergency temporary restraining order and preliminary injunction and to compel, Docket 41, is denied.

DATED December 31, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE