UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ESTELA ELIZABETH JEFFCOAT, <br><br> Plaintiff, <br><br> vs. <br><br> BROOKINGS HOUSING & REDEVELOPMENT COMMISSION, <br><br> Defendant. | 4:25-CV-04166-CCT <br><br><br> **ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE DUFFY'S ORDER** |

On August 26, 2025, Plaintiff Estela Elizabeth Jeffcoat commenced this pro se lawsuit against Defendant Brookings Housing & Redevelopment Commission (BHRC), alleging violations of the Fair Housing Act, the Rehabilitation Act, and general Housing and Urban Development program requirements. Docket 1. Ms. Jeffcoat filed a motion for a protective order, seeking to prohibit "BHRC, its counsel, and its representatives from making informal or duplicative contacts with [her] employer or other third-party witnesses concerning [her] employment, income, or medical limitations." Docket 17 at 1. The Court referred Ms. Jeffcoat's motion to Magistrate Judge Veronica Duffy for determination. Docket 26. Magistrate Judge Duffy issued an order denying Ms. Jeffcoat's motion. Docket 40. Ms. Jeffcoat timely appealed by way of filing an objection. Dockets 43 and 44.

1

"A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gateway, Inc. v. Companion Prods., Inc.,* 384 F.3d 503, 507–08 (8th Cir. 2004) (citation omitted). "A decision is 'contrary to law' when it fails to apply (or misapplies) relevant statutes, case law, or rules of procedure." *United States v. Red Bird*, 3:20-30026-RAL, 2020 WL 6129634, at *4 (D.S.D. Oct. 19, 2020) (citation omitted).

Magistrate Judge Duffy determined that Ms. Jeffcoat's requested protective order is not related to discovery, noting that BHRC has not served her with any discovery requests. Docket 40 at 3. Yet, Rule 26(c) applies to protect "a party 'from whom discovery is sought' from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 3–4 (quoting Fed. R. Civ. P. 26(c)(1)). Because Ms. Jeffcoat's motion did not pertain to discovery, a protective order under Rule 26(c) is not available to her, and Magistrate Judge Duffy denied her motion. *Id.* at 4, 5.

Magistrate Judge Duffy further concluded, to the extent that a protective order is available, that Ms. Jeffcoat's motion must also be denied because she did not state in her pleadings or otherwise attest that she fulfilled her

2

obligation under Rule 26(c) to first confer with BHRC in good faith to try to resolve the discovery issue before filing a motion with this Court. *Id.* at 4–5.

In her objection, Ms. Jeffcoat has not shown that Magistrate Judge Duffy's ruling on her motion for a protective order is clearly erroneous or contrary to law. *See* Docket 43. Rather, she asserts, similar to her argument made in her motion for a protective order, that certain federal regulations prohibit BHRC from contacting her employer in the manner in which she alleges. Docket 17; Docket 43 at 1–2. But, as Magistrate Judge Duffy found and the record supports, Ms. Jeffcoat's requested protective order is not related to discovery requests made in this case. Therefore, relief under Rule 26(c) is unavailable as requested by Ms. Jeffcoat. Moreover, Ms. Jeffcoat does not address Magistrate Judge Duffy's determination that, to the extent the motion for a protective order relates to discovery, she did not fulfill her obligation under Rule 26(c) to meet and confer with BHRC prior to filing the motion. *See* Docket 43. As Magistrate Judge Duffy noted, "[t]his requirement that a party must confer with the opposing counsel before filing a discovery motion is a requirement that applies to *all* discovery motions." Docket 40 (citing Fed. R. Civ. P. 37(a)(1); D.S.D. Civ. LR 37.1).

Accordingly, it is hereby

ORDERED that Plaintiff's objection, Dockets 43 and 44, to Magistrate Judge Duffy's Order Denying Plaintiff's Motion for a Protective Order is overruled. It is further

ORDERED that the Court adopts in full Magistrate Judge Duffy's Order Denying Plaintiff's Motion for a Protective Order, Docket 40.

Dated February 25, 2026.

                                BY THE COURT:

                                /s/ *Camela C. Theeler*
                                CAMELA C. THEELER
                                UNITED STATES DISTRICT JUDGE