UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ESTELA ELIZABETH JEFFCOAT,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKINGS HOUSING &<br>REDEVELOPMENT COMMISSION,<br><br>Defendant. | 4:25-CV-04166-CCT<br><br>**ORDER DENYING PLAINTIFF'S<br>SUPPLEMENTAL EMERGENCY<br>MOTION** |

On August 26, 2025, Plaintiff Estela Elizabeth Jeffcoat commenced a pro se lawsuit against Defendant Brookings Housing & Redevelopment Commission (BHRC), alleging violations of the Fair Housing Act, the Rehabilitation Act, and general Housing and Urban Development program requirements. Docket 1. Ms. Jeffcoat's claims related to BHRC's conduct, including rent calculations, in and around August 2025 and as support refers to rent calculations from 2023 and 2024. *See generally id.* Shortly after filing her complaint, Ms. Jeffcoat moved for a preliminary injunction and a temporary restraining order to prevent "imminent" eviction proceedings. Docket 5.

The Court held an ex parte hearing on September 2, 2025, on her motion for a preliminary injunction and a temporary restraining order and, thereafter, entered an order denying the motion. Docket 10. The Court determined that

1

Ms. Jeffcoat did not show that immediate and irreparable injury, loss, or damage will result before Defendant can be heard in opposition. *Id.* at 2.

Ms. Jeffcoat now moves this Court for supplemental emergency relief. Docket 54. She contends that the circumstances have materially changed since the Court denied her initial request for emergency relief because, unlike then, she now faces an imminent threat of eviction. *See generally id.* She therefore requests, among other things, that the Court "[g]rant such temporary injunctive or other interim relief within the Court's authority as is necessary to preserve Plaintiff's Housing Choice Voucher portability, maintain the status quo, and prevent eviction pending resolution of [her] claim." *Id.* at 8. Ms. Jeffcoat contends that she is not seeking reconsideration of the Court's prior order but, rather, relief based on a change of circumstances. *Id.* at 3.

The Court construes Ms. Jeffcoat's pro se filing to be a motion for a preliminary injunction. "To determine whether preliminary relief such as a preliminary injunction or a temporary restraining order is appropriate, the court considers the following factors: '(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on [the nonmovant]; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest.'" *Next Level Tech. Grp. 1 LLC v. Wehde Enterps.*, LLC, 4:24-CV-04199-KES, 2024 WL 5108943, *5 (D.S.D. Dec. 13, 2024) (quoting *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019)); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

2

Having reviewed and considered Ms. Jeffcoat's motion and supporting documents, she has not shown entitlement to the injunctive relief requested. *See Mgmt. Registry*, 920 F.3d at 1183 ("The burden of proving that an injunction should be issued rests with the party seeking injunctive relief."). In particular, her current motion relates to conduct occurring after the actions at issue in her original complaint, and Ms. Jeffcoat has not established on what basis this Court can grant her requested relief in this lawsuit for conduct not alleged in her original complaint. Moreover, even if this Court construes Ms. Jeffcoat's pro se filing liberally to be based on claims raised in her original complaint, she has not established, under the laws governing the claims she asserted in her original complaint, that she there is a likelihood she will succeed on the merits of her claims.

"While 'no single factor is determinative,' the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (citations omitted). Because Ms. Jeffcoat has not shown a likelihood of success on the merits of her claims against the Defendant, an injunction cannot issue. *See Mid-Am. Real Estate Co. v. Ia. Realty Co., Inc.*, 406 F.3d 969, 972 (8th Cir. 2005) (providing that "an injunction cannot issue if there is no chance of success on the merits"); *Firearms Reg. Acc. Coalition, Inc. v. Garland*, 112 F.4th 507, 517 (8th Cir. 2024) (recognizing that a district court does not address the other facts after concluding that party did not show likelihood of success on the merits).

Accordingly, it is hereby

ORDERED that Plaintiff's supplemental emergency motion, Docket 54, is denied.

Dated July 22, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE